DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of the Lucas County Court of Common Pleas' April 1, 2003 judgment sentencing appellant, Robert Simpson, following a guilty plea, to 16 years of imprisonment for the offenses of aggravated robbery and involuntary manslaughter, both with firearm specifications.
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967), 386 U.S. 738. Appellant's counsel asserts that after reviewing the record in the proceeding and the relevant statutory and case law, she can find no arguable issues for appellate review. Appellant's counsel further states that she provided appellant a copy of the brief and request to withdraw and, pursuant to Anders, informed appellant of his right to file his own brief. Appellant has not filed a pro se brief.
 {¶ 3} Consistent with Anders, appellant's counsel has set forth the following "possible errors" for review:
 {¶ 4} "Ineffective assistance of counsel.
 {¶ 5} "Sentencing."
 {¶ 6} We first note that once the Anders requirements are satisfied, the appellate court must conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or it may proceed to a decision on the merits if state law so requires. Id. at 744.
 {¶ 7} On September 25, 2002, appellant, along with two co-defendants, was indicted on one count of aggravated robbery, in violation of R.C.2911.01(A)(1), and one count of murder, in violation of R.C. 2903.02(A). Both counts included gun specifications. Following three continuances, at appellant's request and in order for him to retain counsel, on October 17, 2002, appellant entered a not guilty plea.
 {¶ 8} On January 21, 2003, appellant filed a motion to suppress all statements and evidence obtained from appellant on September 18, 2002. The motion argued that such evidence was obtained "without benefit of clearly explained Miranda warnings." Subsequently, the motion to suppress was withdrawn and, pursuant to a plea agreement, on February 28, 2003, appellant entered a guilty plea to one count of aggravated robbery and one count of involuntary manslaughter, a lesser included offense of murder; each count included a firearm specification. Appellant was sentenced on March 28, 2003.
 {¶ 9} Counsel's first potential assignment of error is that appellant was denied effective assistance of counsel. Counsel states that after a thorough review of the record she can find no instances where trial counsel failed in his duty to appellant.
 {¶ 10} Legal representation is constitutionally ineffective, and a basis for reversal or vacation of a conviction, when counsel's performance is deficient and results in rejudice to the accused.Strickland v. Washington (1984), 466 U.S. 668. In order to rove ineffective assistance of counsel, a defendant must show (1) that his counsel's performance fell below an objective standard of reasonable representation in some particular respect or respects and (2) that he was so prejudiced by the defect or defects that there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, following Strickland.
 {¶ 11} After careful review of the record in this case, we find that counsel's representation did not fall below an objective standard of reasonableness at any time and, accordingly, this potential assignment of error is without merit.
 {¶ 12} As her next potential assignment of error, counsel suggests that the trial court erroneously sentenced appellant to 16 years of imprisonment with 5 years of post-release control, the same sentence given the co-defendant who actually shot the victim. As trial counsel argued at sentencing, because appellant was not the "trigger man" and because he fully cooperated with authorities, his sentence should not have been as lengthy.
 {¶ 13} At the March 28, 2003 sentencing hearing, the trial court noted that even though appellant did not fire the gun, the court did not agree that he was any less involved. The court noted that appellant is older that his co-defendants, provided the guns, drove the car, and disposed of the guns. The court also noted appellant's prior criminal history, including numerous drug-related convictions. The court then stated that in sentencing appellant he considered the defendant's record, oral statements, victim impact statement and the presentence investigation report, as well as the principles and purposes of sentencing under R.C.2929.11 and balanced the seriousness and recidivism factors under R.C.2929.12.
 {¶ 14} Ordering that the sentences be served consecutively, the court found the sentence necessary to fulfill the purposes of R.C. 2929.11: "and not disproportionate to the seriousness of the defendant's conduct or the danger that the defendant poses, and the Court further finds that the harm caused by the defendant's conduct for these offenses was so great no single prison term for any of the offenses as part of the courses of conduct adequately reflects the seriousness of the defendant's conduct, and the Court further finds that the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the defendant."
 {¶ 15} The court then informed appellant about post-release control and the potential consequences of a violation of post-release control. Appellant was then ordered to pay the costs of prosecution and fees permitted under R.C. 2929.18(A)(4). As to these costs, the court found, in its April 1, 2003 judgment entry, that "Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs or supervision, confinement, assigned counsel, and prosecution as authorized by law."
 {¶ 16} Upon review of the facts of this case, the sentencing transcript, the April 1, 2003 judgment entry, and the applicable statutory and case law, we find that the trial court did not err in imposing appellant's sentence. This potential assignment of error is without merit.
 {¶ 17} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, court costs of this appeal are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Resnick, J. Concur.
Judge Melvin L. Resnick, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.